UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 10-57-JBC

SHAMIL A. MUQUIT,                                                                                    PETITIONER,

V.                              **MEMORANDUM OPINION AND ORDER**

RANDY WHITE, WARDEN,
GREEN RIVER CORRECTIONAL COMPLEX,                                   RESPONDENT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on Magistrate Judge Candace J. Smith's report and recommendation for disposition of Shamil A. Muquit's petition for a writ of habeas corpus (R. 12).  A previous order adopting the report and recommendation and judgment were rescinded upon Muquit's assertion that he had not received a copy of the report and recommendation and wished to file objections.  Having reviewed Muquit's objections, the court will adopt the report and recommendation except for Section II, C.

The court fully adopts sections A and B of the analysis contained in Judge Smith's report and recommendation.  Muquit's objections to these sections merely restate the arguments he has made in earlier stages of his state and federal court proceedings, and those arguments are soundly disposed of by the report and recommendation.

Section II, C, of the report and recommendation is, however, incorrectly focused on a statement made by the victim to the police in August 1999.  This

statement, which Muquit first learned about at trial, is the first time that the victim affirmatively asserted vaginal penetration.  The report and recommendation provides that because the August 1999 statement is inculpatory, rather than exculpatory, his counsel's failure to discover and use it was not prejudicial to Muquit.  However, the report and recommendation mischaracterizes Muquit's argument, as Muquit did not assert any claims based on the August 1999 statement in his petition. Rather, Muquit asserts that his counsel was ineffective because he failed to discover and use exculpatory evidence in the form of a police report entered by Officer Price on July 19, 1999. Officer Price's report, entered contemporaneously with that of Detective McGuffey, includes a summary of the statements the victim made to police in which she asserted that Muquit did not penetrate her.  It is this report, and not the August 1999 report, upon which Muquit bases his final ineffective assistance claim.

This mischaracterization of Muquit's claim, however, does not change the outcome of his petition.  Muquit's last claim, that his counsel was ineffective because he failed to discover and use exculpatory evidence, namely Officer Price's report, once again rephrases the same arguments Muquit presented in previous state proceedings.  Section II, B, of the report and recommendation discusses Muquit's counsel's strategic decision not to pursue questioning regarding the issue of penetration. The report and recommendation is correct that the decision of the Kentucky courts on this matter was not contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and that Muquit's claims

of ineffective assistance fail.  The analysis contained in Section II, B, of the report and recommendation is therefore sufficient to dispose of Muquit's final claim.

Accordingly, the court **ORDERS** as follows:

(1)  Judge Smith's report and recommendation (R. 12) are **ADOPTED** as the opinion of the court except for Section II, C, as discussed above.

(2)  The respondent's motion to dismiss (R. 7) is **GRANTED**.

(3)  Muquit's petition for a writ of habeas corpus (R. 1) is **DENIED**.

(4)  A certificate of appealability is **DENIED** for the reasons stated in Section IV of Judge Smith's recommendation.

(5)  This matter shall be **CLOSED** and **STRICKEN** from the active docket.

A separate judgment will issue.


Signed on December 21, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY